**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| **IN RE: JENNIFER LYNN HAININ,** ) <br> ) <br> Debtor, ) <br> ) <br> **STEVEN PACKARD and MARIE PACKARD**, ) <br> ) <br> Movant Creditors, ) <br> ) <br> v. ) <br> ) <br> **JENNIFER LYNN HAININ**, ) <br> 10646 Moselle Court ) <br> Manassas, Virginia 20112 ) <br> ) <br> Debtor, ) <br> ) <br> and ) <br> ) <br> **KEVIN R. McCARTHY, TRUSTEE**, ) <br> 1751 Pinnacle Drive, Suite 1115 ) <br> McLean, Virginia 22102 ) <br> ) <br> Chapter 7 Trustee, ) <br> ) <br> Respondents ) | Case No. <u>13-11038-RGM</u> <br><br> Contested Matter No.: <u>12-          </u> |

## MOTION FOR RELIEF FROM STAY

COMES NOW the Movants, STEVEN AND MARIE PACKARD ("Landlord"), by

counsel, and moves for relief from automatic stay pursuant to 11 U.S.C. § 362 against the

Debtor, JENNIFER LYNN HAININ ("Debtor"), and in support of said motion states as follows:

Martin J. A. Yeager, VSB #38303
LAND, CARROLL & BLAIR, P.C.
524 King Street
Alexandria, Virginia 22314
(703) 836-1000; (703) 549-3335 (Fax)
myeager@landcarroll.com
Counsel for Steven and Marie Packard

1. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief sought by this Motion is based upon section 362(d)(1) and (d)(2) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001(a)-1 of the local bankruptcy rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

4. The Landlord is the owner of that certain real property with improvements thereon located at 10646 Moselle Court, Manassas, Prince William County, Virginia 20112 (hereinafter, referred to as the "Property").

5. On or about May 13, 2011, the Landlord entered into a lease for the Property (the "Lease") with the Debtor, which among other duties required the Debtor to pay monthly rent in the amount of Two Thousand Nine Hundred Dollars ( $2,900.00). A copy of the Lease is attached hereto as Exhibit 1 and incorporated herein by reference.

6. On March 7, 2013, the Debtor filed for relief pursuant to Chapter 13 of the Bankruptcy Code, which was subsequently converted to Chapter 7 of the Bankruptcy Code.

7. Since filing her bankruptcy, the Debtor has failed to make any rent payments pursuant to the Lease, yet still remains in possession of the Property.

8. The Debtor has failed to pay any amounts due on the Lease for the months of April and May, 2013, and is therefore in default. Pursuant to the attached statement of account, the amount currently due under the Lease is Six Thousand Three Hundred Eighty Dollars ($6,380.00), plus attorney's fees, all of which constitute a post-petition debt.

9. That based on the above assertions including the Debtor's failure to perform her obligations under the Lease, the Landlord's interest in the Property is not adequately protected; accordingly, cause exists for immediately terminating the automatic stay. Further, the Debtor has not offered, and does not appear to be able to offer alternative means of providing adequate protection to the Landlord.

10. The Debtor has no ownership interest in, and therefore no equity in the Property.

11. The Property is not necessary for the effective reorganization of the Debtor's finances, entitling the Landlord to the immediate termination of the automatic stay.

12. THE DEADLINE TO FILE A RESPONSE TO THIS MOTION FOR RELIEF FROM THE AUTOMATIC STAY IS FOURTEEN (14) DAYS AFTER SERVICE OF THIS MOTION, WHICH IS THE DATE SHOWN ON THE CERTIFICATE OF SERVICE.

**\*\*NOTICE\*\***

**Your rights may be affected**.  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

**If you do not wish the Court to grant relief from the automatic stay, or if you want the Court to consider your views on the motion, then within fourteen (14) days from the date of service of this Motion, you or your lawyer must file a written response explaining your position with the Court and serve a copy on the movant.  Unless a written responses is filed and served within this fourteen (14) day period, the Court may deem your opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.**

1

**If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the fifteen (15) day period.**

**You will be notified separately of the hearing date on the motion.**

WHEREFORE, your creditor movants, STEVEN PACKARD AND MARIE PACKARD pray for the entry of an Order granting them relief from the automatic stay with respect to the Property in order to allow them to issue a Notice to Pay or Quit and to proceed to evict the Debtor from the Property, and to take such additional ancillary actions as may be necessary to recover the post-petition debt, including the filing and pursuit of unlawful detainer actions; and for such other relief as to the Court seems just and proper.

Date: May 24, 2013                             Respectfully submitted,

                                                          STEVEN PACKARD and MARIE PACKARD
                                                          By Counsel

By:     */s/ Martin J. A. Yeager*
         Martin J. A. Yeager, VSB # 38303
         LAND, CARROLL & BLAIR, P.C.
         524 King Street
         Alexandria, Virginia  22314
         (703) 836-1000; (703) 549-3335 (fax)
         myeager@landcarroll.com
         Counsel for Steven Packard and Marie Packard

## CERTIFICATE OF SERVICE

    I hereby certify that on this 24th day of May 2013, a copy of the foregoing Motion for Relief from the Automatic Stay and Proposed Order was served upon the following persons by electronic means or mailed, first class, postage prepaid to:

Michael Jacob Owen Sandler, Esquire
12781 Darby Brooke Court, Suite 201
Woodbridge, VA 22192
(703) 967-3315
Fax : (703) 494-3323
Email: sandlerlaw@yahoo.com
Counsel for the Debtor

Jennifer Lynn Hainin
10646 Moselle Court
Manassas, Virginia 20112
Debtor

Kevin R. McCarthy, Esquire
1751 Pinnacle Drive, Suite 1115
McLean, Virginia 22102
(703) 770-9261
Chapter 7 Trustee


                          */s/ Martin J. A. Yeager*
                          Martin J. A. Yeager, VSB # 38303

3